UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
RICHARD THOMPSON,                :
                                 :    Civ. No. 18-16282 (FLW)
                Petitioner,      :
                                 :
       v.                        :    **MEMORANDUM OPINION**
                                 :
BRUCE DAVIS,                     :
                                 :
                Respondent.      :
_____ :

I.    **INTRODUCTION**

Petitioner *pro se*, Richard Thompson ("Thompson" or "Petitioner"), is a federal prisoner presently incarcerated by special arrangement at New Jersey State Prison, in Trenton, New Jersey. This matter is before the Court by way of Thompson's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, in which Thompson challenges his continuing detention on the basis that he was denied due process in relation to his most recent parole hearing (*See* ECF Nos. 1) and two motions to expedite the Court's decision in this matter. (ECF Nos. 8-9.)

II.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

   a. **Petitioner's Criminal History**

On September 13, 1974, Petitioner was sentenced in the United States District Court for the Eastern District of Virginia to an 8-year term of incarceration under the Youth Corrections Act for Rape. *See* Ex. 1 at 005-006 (Sentence Monitoring and Computation Data). While serving that sentence, on June 27, 1977, Petitioner was sentenced in the United States District Court for the Central District of California to a life term of imprisonment for murder (committed while incarcerated), in violation of 18 U.S.C. §1111. *See id.* at 001. On August 2, 1985, Petitioner was sentenced by the United States District Court for the Southern District of Illinois to a concurrent

5-year sentence for Attempted Escape, in violation of 18 U.S.C. § 751(A), and a 10-year consecutive sentence for Assault on a Federal Correctional Officer, in violation of 18 U.S.C. § 1111. *See id.* at 003.

### b. Petitioner's Parole History

As computed by the Federal Bureau of Prisons, Petitioner was eligible for parole consideration beginning on June 3, 1990. *See id.* In 1992, the Commission conducted an initial parole hearing for Petitioner, denying parole and ordering that Petitioner serve to a 15-year reconsideration hearing in February 2007. *See id.*, Ex. 2 (Notice of Action, dated 4/29/1992). On administrative appeal, the full Commission modified the reasons for the Commission's decision, finding:

> The Full Commission has reviewed your appeal and has modified your salient factor score, time in custody, and guidelines. The Full Commission finds that you received a mandatory parole on a Youth Corrections Act sentence on June 4, 1980 to the consecutive adult sentences. Consequently, as of July 1992 you have been in custody on your adult sentences only from June 1980 for a total of 145 months. All incident[] reports you received prior to June 1980 are not countable towards your current aggregate guidelines. The Full Commission finds that your current offense behavior is a category eight murder offense. While serving this commitment you have suffered one attempted escape which requires guidelines of 8-16 months. You have also committed four separate category three new criminal conduct in a prison facility which required an additional 48-64 months to be added to your original guideline range. You have also twice committed category eight attempted murder behavior which requires 240 plus months to be added to your original guideline range. And finally, you have committed 16 non-drug related infractions which requires 0-32 months to be added to your original guidelines range. Your total aggregate guideline range is 476 plus months.

*Id.*, Ex. 3 (Notice of Action on Appeal, dated 7/31/1992). Petitioner received statutory interim hearings in 1994, 1998, 2001, and 2003, after which the Commission ordered no change in the prior order that he serve to a 15-year reconsideration hearing. *Id.*, Ex. 4 (Notice of Action, dated

2

6/30/1994); Ex. 5 (Notice of Action, dated 5/15/1998); Ex. 6 (Notice of Action, dated 3/26/2001); Ex. 7 (Notice of Action, dated 3/3/2003). On September 20, 2006, the Commission conducted a 15-year reconsideration hearing de novo. *Id.*, Ex. 8 (Notice of Action, dated 10/13/2006). After that hearing, the Commission ordered that Petitioner serve to the expiration of his sentence. *Id.* Petitioner received statutory interim hearings in 2009, 2011, 2013, and 2015, after which the Commission ordered no change in its prior order that Petitioner serve to the expiration of his sentence. *Id.*, Ex. 9 (Notice of Action, dated 4/30/2009); Ex. 10 (Notice of Action, dated 4/11/2011); Ex. 11 (Amended Notice of Action, dated 4/15/2011); Ex. 12 (Notice of Action, dated 5/28/2013); Ex. 13 (Notice of Action, dated 8/17/2015).

On May 31, 2016, the Commission scheduled Petitioner for his initial mandatory parole hearing as he was approaching his two-thirds date on his life sentence. *Id.*, Ex. 14 (Notice of Action, dated 5/31/2016). On July 27, 2016, the Commission conducted Petitioner's mandatory parole hearing. The Commission denied mandatory parole and ordered Petitioner to serve to the expiration of his sentence. *Id.*, Ex. 15 (Notice of Action, dated 8/10/2016). The Commission stated its reasons for denying Petitioner mandatory parole pursuant to 18 U.S.C.§ 4206(d) as follows:

> You have seriously and frequently violated the rules of the institutions you were confined in over the last 40 years. Specifically, you killed an inmate while at USP Lompoc in 1976, attempted to escape from USP Marion in 1983, stabbed a BOP staff member 17 times in 1983, found guilty of fighting, assault, threatening bodily harm and possession of dangerous weapons. These and many more infractions highlight your inability to comply with the institutions['] rules and indicate a high probability that you will not follow society's folkways and mores if released. For these reasons, mandatory parole is being denied.

*Id.* Petitioner appealed the Commission's decision, which the Commission received on June 28, 2017. *Id.*, Ex. 16 (Administrative Appeal, dated 11/28/2016), including envelope. On October

20, 2017, the Commission's National Appeals Board denied Petitioner's appeal. *Id.*, Ex. 17 (Notice of Action on Appeal, dated 10/20/2017).

### c. Petitioner's June 27, 2018 Statutory Interim Hearing and Appeal

That bring the Court to the statutory interim hearing that is the subject of Petitioner's current habeas petition. On June 27, 2018, Petitioner had his statutory interim hearing; notably, the hearing examiner recommended that his case be reopened and mandatory parole be granted. *Id.*, Ex. 18 at 1-8 (Mandatory Parole Hearing and Prehearing Summary). The executive hearing panel, however, disagreed with the hearing examiner and recommended no change in the previous decision to deny mandatory parole based on Petitioner's frequent and serious violations of the rules of the institution. *Id.*, Ex. 19 (Memorandum from Case Operations Administrator). The Commission agreed with the executive hearing panel's recommendation and made no change to its previous decision to deny mandatory parole. *Id.*, Ex. 20 (Notice of Action, dated July 31, 2018).

On August 12, 2018, Petitioner administratively appealed the statutory interim hearing decision. *Id.*, Ex. 21 (Administrative Appeal, dated 7/12/2018). Among other things, Petitioner alleged that he was denied prehearing disclosures. *Id.*, Ex. 22 (Notice of Action, dated 10/25/2018). The appeal was denied. As to the disclosure allegation, the Commission found that Petitioner failed to "establish[] that the outcome of the hearing would have been different had [he] been provided with whatever documents [he] claim[ed he was] not provided." *Id.* As to Petitioner's claim that he did not waive his rights to have a representative at the hearing or postpone the hearing, the Commission further found that "the record indicates that you waived your right to have a representative at the hearing and did not ask that the hearing be postponed." *Id.*

4

### d. The Instant Petition Pursuant to § 2241

This Petition pursuant to 28 U.S.C. § 2241 was docketed on November 19, 2018. ECF No. 1. While Thompson has raised other arguments concerning his denials of parole in his other habeas cases, there are two related issues presented in this case:

> A. Petitioner's due process rights were violated by the United States Parole Commission (hereafter USPC) when they failed to adhere to their statutory regulation contained in their USPC Procedure Rules and Guidelines Manual § 2.55, by not affording Petitioner the opportunity to view disclose able material contained in his parole files prior to Petitioner's parole hearing.
>
> B. Petitioner's due process rights were violated by the Federal Bureau of Prisons (hereafter BOP) when they failed to adhere to statutory regulation § 2.55.01, by not affording Petitioner the opportunity to view disclose able material contained in his institutional file prior to Petitioner's parole hearing.

ECF No. 1, Pet. at 2. Petitioner filed a motion to expedite the proceedings, which the Court denied as premature on February 3, 2019. ECF Nos. 3-4. Respondents filed their answer on March 7, 2019, and Petitioner filed his reply on April 9, 2019. ECF Nos. 6-7. Petitioner again moved to expedite the proceedings. ECF Nos. 8-9. The matter is fully briefed and ready for disposition.

### III. STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Thus, a federal court has subject-matter jurisdiction under § 2241(c)(3) if two requirements are met: (1) the petitioner is in custody and (2) the custody is in violation of the Constitution or federal laws or treaties. *Id.*; *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989).

5

IV.     **ANALYSIS**

Petitioner argues that his due process rights were violated because he was not given an opportunity to review the USPC's required disclosures at least 60 days prior to his June 27, 2018 statutory interim hearing. *See* Pet. at 2. Petitioner argues that the USPC's late disclosure violated 28 C.F.R.§ 2.55 and that this Court should order the USPC to give him a new hearing in accordance with 28 U.S.C.§ 2241. *See id.* In this case, the USPC disclosed Petitioner's requested documents on June 8, 2018, for his June 27, 2018 hearing. *See* Ex. 18 at 4 (Mandatory Parole Hearing and Prehearing Summary). Respondents admit that the USPC failed to meet the disclosure requirement required by 28 C.F.R.§ 2.55(a), (e).

Although USPC admits to the late disclosure, Respondents contend that the remedy for a late disclosure by the USPC to grant an inmate a continuance to the next available docket to allow for examination and preparation. *See* 28 C.F.R.§ 2.55(e). Respondents further contend that 28 C.F.R.§ 2.55(e) allows an inmate to waive his right to the timely disclosure and to proceed with the parole hearing as originally scheduled. Indeed, the regulation provides as follows:

> (e) Waiver of disclosure. When a timely request has been made for disclosure, if any document or summary of a document relevant to the parole determination has not been disclosed 30 days prior to the hearing, the prisoner shall be offered the opportunity to waive disclosure of such document without prejudice to his right to later review the document or a summary of the document. The examiner panel may disclose the document and proceed with the hearing so long as the prisoner waives his right to advance disclosure. If the prisoner chooses not to waive prehearing disclosure, the examiner panel shall continue the hearing to the next docket to permit disclosure. A continuance for disclosure should not be extended beyond the next hearing docket.

28 C.F.R. § 2.55.

In that regard, Respondents have provided an affidavit of USPC's hearing examiner Joseph M. Pacholski, stating that at the June 27, 2018 statutory interim hearing, he gave

Petitioner an opportunity to request a continuance due to the late disclosures. According to Mr. Pacholski, Petitioner declined to continue his hearing to review the late disclosures. *Id.*, Ex. 23. Respondents contend, therefore, that Petitioner waived his right to raise a claim now that the USPC violated his due process rights by failing to provide disclosures on time. *See, e.g.*, *Harrison v. Helman*, No. 96-3281, 1999 WL 560643 (7th Cir. 1999) (finding that inmate had waived his right to disclosure 30 days prior to his parole hearing pursuant to 28 C.F.R.§ 2.55(e)); *Bates v. Helman*, No. 98-2893, 1999 WL 160966 (7th Cir. 1999) (finding that waiver of right to inspect files in accordance with 28 C.F.R.§ 2.55(e) was knowing and intelligent); *Andreozzi v. Meeks*, No. 15-cv-11, 2017 WL 4157503 (W.D. Pa. Sept. 19, 2017) (holding that oral waiver given at hearing in accordance with 28 C.F.R.§ 2.55(e) is a valid and negates an inmate's ability to challenge late disclosure after the hearing).

In his Petition and Traverse, Petitioner disputes that he waived his right to disclosure, *see* Pet. at 3; Traverse at 1, contradicting Mr. Pacholski. Petitioner's assertion that he did not waive his right to disclosure also appears to be contradicted by the record, as the National Appeals Board stated in its decision that the record indicates that Petitioner did not ask to have the hearing postponed. *See* 1-3, Ex E to Petition (National Appeals Board Decision dated Oct. 25, 2018). Nevertheless, the Court need not resolve the waiver issue as Respondents have also argued that Petitioner's claim fails because he has not shown that he was prejudiced by the late disclosures.

It is settled law that a habeas petitioner must demonstrate actual prejudice resulting from alleged procedural violations. *See Davis v. United States*, 411 U.S. 233, 245 (1973); *Franklin v. Fenton*, 642 F.2d 760, 764 (3d Cir. 1980) (no prejudice shown from delay in dispositional review of detainer). A petitioner asserting a lack of notice in parole proceedings must likewise establish

7

prejudice. *See, e.g., United States ex rel. Schiano v. Luther*, 954 F.2d 910, 915 (3rd Cir. 1992) (finding that a lack of notice under § 2.55(a) supported habeas relief where petitioner explained how he would have contested the information relied upon by the Commission had it been disclosed to him);[1] *Patterson v. Gunnell*, 753 F.2d 253, 255 (7th Cir. 1985) (considered whether a violation of the notice provisions of 28 C.F.R. § 2.19(c) prejudiced the petitioner and concluding that it did); *Butler v. U.S. Parole Comm'n*, 570 F. Supp. 67, 73 (M.D. Pa. 1983) (petitioner would be required to demonstrate that he was prejudiced by delay in receiving notice before he could obtain habeas relief).

In his Petition, Petitioner asserts in a conclusory manner that he was prejudiced by the USPC's late disclosures for his June 27, 2018 statutory interim hearing, but he provides no facts to support this assertion. Moreover, the record shows that the hearing examiner recommended that the USPC change its previous decision to deny Petitioner parole because he was now in a wheelchair and prison staff indicated he was a model prisoner. *See id.*, Ex. 18 at 7. Nevertheless, the executive hearing panel disagreed with the hearing examiner and recommended that no change be made in the decision to deny mandatory parole based on Petitioner's murder of another inmate, his attempted escape, and his stabbing of a Bureau of Prisons staff member. *See id.*, Ex. 19 (Memorandum from Case Operations Administrator). The Commission agreed with the executive hearing panel's recommendation and made no change to its previous decision to deny mandatory parole. *See id.*, Ex. 20 (Notice of Action, dated July 31, 2018).

---

[1] In *United States ex rel. Schiano v. Luther*, the United States Court of Appeals for the Third Circuit held that the Commission violated § 2.55(a) and that the petitioner was entitled to habeas relief where the Commission failed to disclose to defendant contents of coconspirator's file on which it relied in reaching its parole determination. 954 F.2d at 914 . As the court explained in *Luther*, "the overriding principle which we derive from these regulations ... is that the Commission may not rely upon information denied to the prisoner and thereby preclude the prisoner from challenging that information." *Id.* at 915. Here, Petitioner has not shown that the Commission relied on any documents or information in his file that was denied to him.

8

In his traverse, Petitioner provides additional exhibits including an email dated July 12, 2018 from a Residential Reentry Oversight Specialist, and he speculates that the executive hearing panel may have agreed with the examiner's recommendation if the executive hearing panel had been provided with the July 12, 2018 email. The email refers to Petitioner's stay with the Volunteers of America from May 26, 2016 through June 23, 2016, as well as his time at the Kent County Jail from June 23 through August 11, 2016. The email describes Petitioner's exemplary conduct during both periods. *See* ECF No. 7 at 14-15.

At least some of the information in the July 12, 2018 email about Petitioner's exemplary conduct was considered by Mr. Pacholski in his decision recommending parole. *See* Ex. 18 at 5-7. Furthermore, this email, which is dated July 12, 2018, was sent to the hearing examiner <u>after</u> Petitioner's statutory interim hearing, which occurred on June 27, 2018. As such, it could not have been disclosed by USPC prior to the June 27, 2018 statutory interim hearing, and Petitioner could not have been prejudiced by the failure to disclose it.

To the extent Petitioner argues that he was prejudiced because his parole hearing was not reopened based on the July 12, 2018 email, that argument appears to be meritless. 28 U.S.C. § 2.55(f) specifically addresses late received documents and provides as follows:

> (f) Late received documents. If a document containing new and significant adverse information is received after a parole hearing but before all review and appellate procedures have been concluded, the prisoner shall be given a rehearing on the next docket. A copy of the document shall be forwarded to the institution for inclusion in the prisoner's institutional file. The Commission shall notify the prisoner of the new hearing and his right to request disclosure of the document pursuant to this section. <u>If a late received document provides favorable information, merely restates already available information or provides insignificant information, the case will not be reopened for disclosure.</u>

28 C.F.R. § 2.55 (emphasis added). As such, Petitioner is not entitled under the regulations to a rehearing based on favorable information in the July 12, 2018 email, which was received after his June 27, 2018 parole hearing.

For these reasons, the Court agrees with Respondents that Petitioner has not shown that he was prejudiced by the USPC's late disclosures in connection with his June 27, 2018 statutory interim hearing and subsequent appeal, and the Court will deny the Petition on that basis.

## V. CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED. Petitioner's motions to expedite and to grant relief in his favor, ECF Nos. 8-9, are likewise DENIED. An appropriate order follows.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
U.S. Chief District Judge

DATED: April 21, 2020